**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR ARNOLDO MOLINA, | No. 14-72539 |
| Petitioner, | Agency No. A072-439-924 |
| v. | |
| DANA J. BOENTE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Hector Arnoldo Molina, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo due process claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

We reject Molina's contentions based on streamlining because the BIA did not streamline his case.

Molina does not contest the BIA's determination that he did not challenge the IJ's conclusion that he was statutorily ineligible for asylum.

Molina testified that although his family had problems with guerrillas during the 1980s, he was never physically harmed in Guatemala, and he was not sure if he would be harmed or tortured if returned. Substantial evidence supports the agency's determination that Molina failed to demonstrate he was persecuted in Guatemala. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted). Substantial evidence also supports the agency's conclusion that Molina failed to show it is more likely than not he will be persecuted in returned. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution too speculative). Thus, we deny the petition as to Molina's withholding of removal claim.

14-72539

Finally, substantial evidence supports the agency's denial of CAT relief because Molina failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government in Guatemala. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**